JAMES FEE, JR., *Plaintiff*, v. W. D. RICHARDSON, *Defendant*.
No. 16,594.

P. J. CORCORAN, *Plaintiff*, v. WM. BROWN, *Defendant*.
No. 16,595.

SYLLABUS BY THE COURT.

ELECTIONS—*"City Officers"—Marshals of City Courts—Qualified Voters*. The marshals provided for in each division of the city court of Kansas City, Kan., by chapter 193 of the Laws of 1905 are not city officers, and women are not "qualified voters" in the election of such officers.

Original proceeding in quo warranto. Opinion filed March 12, 1910. Judgment for the defendants.

*James F. Getty, F. D. Hutchings*, and *David F. Carson*, for the plaintiffs.

*Nathan Cree*, for the defendants.

The opinion of the court was delivered by

SMITH, J.: The pleadings in the two cases are practically identical, and what is said herein applies to each case.

· The complaint alleges, in substance, the creation of two city courts in the township of Kansas City by chapter 107 of the Laws of 1897, amended by chapter 212 of the Laws of 1903, and the creation of the office of city marshal by chapter 193 of the Laws of 1905; that at the time of the city election in 1909 the plaintiff had all the qualifications for election to the office of

marshal and was a candidate for election to that office at such election, and that, counting all the votes of males and females cast for the office of marshal at such election, the plaintiff had a majority and was duly elected to the office, but if the votes of males only were counted the defendant had a majority and was elected; that on April 7, 1909, the board of county commissioners of Wyandotte county met as a canvassing board, and unlawfully and without right assumed to canvass the votes cast for the office of marshal of the city court of Kansas City, and unlawfully failed and refused to canvass the votes of females for that office and canvassed only the votes of males; that the board unlawfully declared the defendant elected to the office and issued to him a certificate of election; and that thereupon the defendant did unlawfully usurp and intrude himself into the office, and continues unlawfully to hold and usurp the functions thereof and to withhold the office from the plaintiff. The plaintiff prays for judgment that he, and not the defendant, is entitled to the office.

The defendant contends that this court should not exercise jurisdiction in this case. The jurisdiction is expressly conferred by the constitution (art. 3, § 3), and the plaintiffs have substantially complied with the requirements of rule 5 of this court. Hence jurisdiction is assumed.

It is true that the controversy herein could have been settled by an action in mandamus, but the name of the action is of little consequence. The controlling facts as well as the judgment would, as to this case at least, be practically the same by whichever name the action were styled; the difference would be in the form of the remedy. If the action were in mandamus it would be determined by the same questions of law as are now presented to determine whether or not the facts pleaded in the petition entitle the plaintiff to the office, viz., whether at the city election at which the plaintiff

claims to have been elected women were qualified elect-
ors to vote for the candidates for the office of marshal
of the city courts. There being, therefore, nothing
material in the form of the action, we proceed to the
decision of the question.

Section 48 of chapter 110 of the General Statutes of
1868 (Gen. Stat. 1901, § 7814) provides:

"No city of more than two thousand inhabitants shall
be included within the corporate limits of any town-
ship; but each of such cities shall constitute a town-
ship for the purpose of electing justices of the peace
and constables as provided in this act, and for the ex-
ercise of the powers and jurisdiction of such officers, as
prescribed by law. In such cities said officers shall be
elected at the regular city election."

By chapter 107 of the Laws of 1897 two new courts
were created in Kansas City township, to be called the
city courts of Kansas City, first district and second
district, respectively. By the terms of the act the of-
fices of justices of the peace in the township were made
only nominal, as the jurisdiction of such justices was
thereby limited to civil cases where the amount claimed
does not exceed the sum of one dollar. (*In re Greer*,
58 Kan. 268.) The same jurisdiction, civil and criminal,
was conferred on the city courts as justices of the peace
have in the state. No change was made in this act as
to the executive offices of the city courts, but it was
expressly provided that all writs and processes issued
by the judges or clerks of such courts should be di-
rected to some constable of the township, to be exe-
cuted and returned as provided by law in relation to
writs and processes issued by justices of the peace.

At the same session chapter 264 of the Laws of 1897
was enacted, providing for one constable in each of the
two districts of the township corresponding to the dis-
tricts of the city courts, and that each constable should
be elected by the qualified electors of the district. This
arrangement was continued until the enactment of

chapter 193 of the Laws of 1905, which provides, in part:

"SECTION 1. That each division of the city court of Kansas City, Kan., shall have a marshal, whose style of the office shall be 'marshal of the city court of Kansas City,' and one of said marshals shall be elected every two years from the first and one from the second district of said Kansas City township, as bounded and designated by section 4 of chapter 107 of the Laws of 1897.

"SEC. 4. Said marshals shall be residents of the district from which they are elected and shall be elected by the qualified electors of said city. They shall have and exercise all the powers and perform all the duties prescribed by law for constables, and in addition such other duties as may be required [of] them by law. . . . All vacancies in the office of marshal [shall] be filled by appointment of the governor."

By chapter 230 of the Laws of 1887 (Gen. Stat. 1901, § 642) it was provided:

"SECTION 1. That in any election hereafter held in any city of the first, second or third class, for the election of city or school officers, or for the purpose of authorizing the issuance of any bonds for school purposes, the right of any citizen to vote shall not be denied or abridged on account of sex."

In section 14 of chapter 122 of the Laws of 1903 this provision, with one addition, which is here immaterial, was reënacted as a part of the law relating to cities of the first class.

The question, then, for determination is whether the office of marshal of a city court in Kansas City township is or is not a city office. As before said, the city of Kansas City and Kansas City township are coëxtensive in territory. These marshals receive no compensation from the city as such, but they are required to collect the same fees as constables are authorized to collect for like service and to return the fees to the county treasurer of Wyandotte county, and they receive from the county a stated salary per annum.

13—82 KAN.

Their bailiwick is not limited by the township or city lines, but extends to the boundaries of Wyandotte county, the same as that of constable under the law of the state. Yet they are elected, not at a general, but at a city, election.

In different courts different tests have been applied in determining whether an officer is a federal, state, county, township or municipal officer, but probably the best test is the character of the services he performs or of the duties imposed upon him. (See 12 Cur. Law, 1131; 28 Cyc. 400.) A marshal of a city court owes no duty to the city as such, any more than a justice of the peace of a city does, and it may be said that the judges of the city courts of Kansas City township bear the same relation to the city and county. Their duties extend through the county, the same as do those of justices of the peace and constables by the laws of the state. By this test—the character of service rendered or of the duty imposed by law—the city courts of Kansas City are essentially justice of the peace courts, and the marshals thereof are constables. If so, the question has practically been determined in this state in *The State, ex rel., v. Parry*, 52 Kan. 1, in which it was held:

"The cities of the state of Kansas are 'townships,' within the meaning of the constitution and statutes, for the purposes of the election of justices of the peace, and such officers, although elected within a city, are not strictly city officers. Their official duties are not limited to the boundaries of the cities in which they are elected, nor by the provisions of the charters or ordinances of the city in which they reside. Their civil and criminal jurisdiction are coëxtensive with their counties, except as otherwise provided by law.

"Chapter 230, Laws of 1887, does not confer upon women the right to vote for justices of the peace in the cities of the state. In one sense, such officers are township officers, rather than city officers." (Syllabus.)

Following that decision, we hold that these marshals are not city officers, and, as said in *The State, ex rel., v.*

*Parry,* supra, it follows that chapter 230 of the Laws of 1887 (Gen. Stat. 1901, § 642) and section 14 of chapter 122 of the Laws of 1903 do not confer upon women the right to vote for marshal of a city court at a city election in Kansas City, Kan.

Judgment for the defendants in each case, and for costs.